# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES SINGLETON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-1341 |
| AMY ELDERT, GARY L. PAMPEL, GERARDO ACEVEDO, ILLINOIS DEPT. OF CORRECTIONS, SARAH JOHNSON, and STEVE GANS, | ) |
| Defendants. | ) |

## O R D E R

On October 21, 2011, this Court conducted a merit review hearing on Plaintiff's Complaint. During the hearing it became clear that Plaintiff's allegations essentially amount to a claim that he continues to be incarcerated on a sentence that has already been served. However, the record indicates that Plaintiff was sentenced for two separate offenses with the sentences to be served concurrently, and Plaintiff currently has two state court actions seeking relief from the concurrent sentence.

As a general rule, *Younger* abstention "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Freeeats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007), *citing Younger v. Harris*, 401 U.S. 37, 43-44 (1971). Plaintiff has not demonstrated any exception or other reason why *Younger* abstention does not render this action premature.

Furthermore, Plaintiff does not seek an earlier release date from his confinement or a change in the terms of his confinement. Rather, the only relief sought is monetary damages. As such, his procedural due process challenge is non-cognizable under *Heck v. Humphrey*, 512 U.S. 477, 484-87 (1994), and its progeny, as a suit for damages challenging an underlying conviction under § 1983 does not accrue until the underlying conviction or sentence has been invalidated. *Id.*

For the reasons set forth above, Plaintiff's Complaint is dismissed without prejudice as premature. This matter is now terminated. All existing deadlines are vacated, and any other pending matters are moot.

ENTERED this 22nd day of November, 2011.

s/ James E. Shadid
James E. Shadid
United States District Judge